SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| Katease DeVaughn <br> 505 Castlewood Place <br> Largo, Maryland 20774 <br><br> Plaintiff, <br><br> v. <br><br> Inphonic, Incorporated <br> 1010 Wisconsin Avenue, NW <br> Washington, DC 20007 <br><br> Defendant. | Case No. 05CA3489 <br> CAL 6 <br> JUDGE ALPRIN <br> INITIAL CONF. 8/5/05 <br><br> JURY TRIAL DEMANDED |



RECEIVED JUN 2 2 2005

## AMENDED COMPLAINT

COMES NOW, Plaintiff, by counsel, and complains of defendant as follows:

1. Plaintiff Katease DeVaughn resides at 505 Castlewood Place, Largo, MD 20774, is Black and is an African-American female.

2. On information and belief, Inphonic, Incorporated, is a corporation doing business in the District of Columbia and with its principal place of business located at 1010 Wisconsin Avenue, NW, Washington, DC 20007.

### FACTS

3. Plaintiff was formerly employed by Defendant from November 2001 to February 21, 2005.

4. Plaintiff complained to Defendant's office of human resources that her supervisor, a White male, discriminated against her on the basis of her race and color in August 2004. The human resource office told her that she was the problem and no remedial action was taken.

05 1451

FILED
JUL 2 2 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

5. Plaintiff took an approved medical leave under the federal Family and Medical Leave Act to care for a serious health condition between February 15-21, 2005.

6. Plaintiff complained to her supervisor, the same White male she had complained about in the past, that he was discriminating against her on the basis of her race and color on February 21, 2005, and Defendant terminated Plaintiff's employment later that same day.

7. The reasons given for the termination of Plaintiff's employment are false and pretext to mask unlawful retaliation and violation of the federal Family and Medical Leave Act ("FMLA").

8. Defendant violated the FMLA by counting her medical leave against her in taking an adverse employment decision against her and terminating her employment in retaliation for taking medical leave under the FMLA.

9. Defendant's unlawful conduct was willful, malicious, wanton, and reckless.

10. Plaintiff has suffered damages as a result of her wrongful termination of employment consisting of lost pay, front pay, and lost benefits, emotional distress, and mental anguish.

## COUNT 1

11. Plaintiff repeats paragraphs 1-10 as if more fully set forth herein.

12. By and through its conduct, Defendant violated 42 USC Section 1981 by retaliating against Plaintiff for having opposed and complained about what she in reasonable good faith believed to have been unlawful intentional discrimination on the basis of her race and color.

13. Plaintiff demands a trial by jury.

2

## COUNT 2

14. Plaintiff repeats paragraphs 1-13 as if more fully set forth herein.

15. By and through its conduct, Defendant violated the FMLA by terminating Plaintiff's employment because she took medical leave under the law.

16. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands judgment on Counts 1-2 against Defendant, in amounts to be determined by a jury, but not less than $50,000, consisting of damages for pain and suffering, lost wages, emotional distress, mental anguish, punitive damages, costs, reasonable attorney's fees, the amount of taxes due on any award, and such other relief as the Court deems just and fair.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all counts.

Date:  June 20, 2005

                                  Respectfully Submitted,

                                  Alan Lescht & Associates, P.C.

                                  By:_____
                                  Alan Lescht, Esq. #441691
                                  Monique Gudger, Esq.
                                  1050 17th Street, NW #220
                                  Washington, DC 20036
                                  202-463-6036
                                  Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I served the foregoing by regular mail on June 20, 2005 to Reid McCaffrey, Esq., Patton Boggs LLP, 2550 M St, NW, Wash., DC 20037.

_____
Alan Lescht

4

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

Katease DeVaughn
505 Castlewood Place
Largo, Maryland 20774

    Plaintiff,

v.

Inphonic, Incorporated
1010 Wisconsin Avenue, NW
Washington, DC 20007

    Defendant.

Case No. 05-0003489

**JURY TRIAL DEMANDED**



**COMPLAINT**

COMES NOW, Plaintiff, by counsel, and complains of defendant as follows:

1. Plaintiff Katease DeVaughn resides at 505 Castlewood Place, Largo, MD 20774, is Black and is an African-American female.

2. On information and belief, Inphonic, Incorporated, is a corporation doing business in the District of Columbia and employed Plaintiff at its business located at 1010 Wisconsin Avenue, NW, Washington, DC 20007.

**FACTS**

3. Plaintiff was formerly employed by Defendant from November 2001 to February 21, 2005.

4. Plaintiff complained to Defendant's office of human resources that her supervisor, a White male, discriminated against her on the basis of her race and color in August 2004. The human resource office told her that she was the problem and no remedial action was taken.

5. Plaintiff took an approved medical leave to care for a serious health condition between February 15-21, 2005.

6. Plaintiff complained to her supervisor, the same White male she had complained about in the past, that he was discriminating against her on the basis of her race and color on February 21, 2005, and Defendant terminated Plaintiff's employment later that same day.

7. The reasons given for the termination of Plaintiff's employment are false and pretext to mask unlawful retaliation and violation of the DC Family and Medical Leave Act ("DC FMLA").

8. Defendant violated the DC FMLA by counting her medical leave against her in taking an adverse employment decision against her and terminating her employment in retaliation for taking medical leave under the DC FMLA.

9. Defendant's unlawful conduct was willful, malicious, wanton, and reckless.

10. Plaintiff has suffered damages as a result of her wrongful termination of employment consisting of lost pay, front pay, and lost benefits, emotional distress, and mental anguish.

## COUNT 1

11. Plaintiff repeats paragraphs 1-10 as if more fully set forth herein.

12. By and through its conduct, Defendant violated the District of Columbia Human Rights Act, by retaliating against Plaintiff for having opposed and complained about what she in reasonable good faith believed to have been unlawful discrimination

13. Plaintiff demands a trial by jury.

## COUNT 2

14. Plaintiff repeats paragraphs 1-13 as if more fully set forth herein.

15. By and through its conduct, Defendant violated the DC FMLA by terminating Plaintiff's employment because she took medical leave under the law.

16. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands judgment on Counts 1-2 against Defendant, in amounts to be determined by a jury, but not less than $50,000, consisting of damages for pain and suffering, lost wages, emotional distress, mental anguish, punitive damages, costs, reasonable attorney's fees, the amount of taxes due on any award, and such other relief as the Court deems just and fair.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all counts.

Date: May 4, 2005

Respectfully Submitted,

Alan Lescht & Associates, P.C.

By: /s/

Alan Lescht, Esq. #441691
A. David Freeman, Esq. #484755
1050 17th Street, NW #220
Washington, DC 20036
202-463-6036
Attorneys for Plaintiff

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

Katease DeVaughn           *
505 Castlewood Place       *
Largo, MD  20774           *
                           *
    Plaintiff,           *           Case No. 05-0003498
                           *
v.                         *
                           *
InPhonic, Inc.        *
1010 Wisconsin Avenue, NW  *
Washington, DC  20007      *
                           *
    Defendant            *

### ORDER

Upon consideration of Defendant InPhonic, Inc.'s Consent Motion to Extend Deadline To Respond To Amended Complaint, it is, by the Court, this 12 day of July, 2005, hereby

ORDERED, that the time within which Defendant may respond to the Amended Complaint be and is extended to July 29, 2005; and it is further,

ORDERED, that Defendant InPhonic, Inc.'s Consent Motion to Extend Deadline To Respond to Amended Complaint be and is GRANTED.

Judge, Superior Court of the District of Columbia

cc:

Alan Lescht, Esq.

Douglas B. Mishkin, Esq.



UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

JUL 2 2 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Katease DeVaughn          *
505 Castlewood Place      *
Largo, MD 20774           *
                          *
       Plaintiff,         *           CASE NUMBER  1:05CV01451
                          *
v.                        *           JUDGE: Ricardo M. Urbina
                          *
                          *           DECK TYPE: Employment Discrimination
InPhonic, Inc.       *
1010 Wisconsin Avenue, NW *            DATE STAMP: 07/22/2005
Washington, DC 20007      *
                          *
       Defendant          *

## CERTIFICATE UNDER LCvR 7.1

I, the undersigned, counsel of record for InPhonic, Inc., certify that to the best of my knowledge and belief, there are no parent companies, subsidiaries or affiliates of InPhonic, Inc., which have any outstanding securities in the hands of the public.

These representations are made in order that judges of this court may determine the need for recusal.

Dated: July 22, 2005                Respectfully submitted,

                                    _____
                                    Douglas B. Mishkin, D.C. Bar. No. 338590
                                    PATTON BOGGS, LLP
                                    2550 M Street, N.W.
                                    Washington, D.C. 20037
                                    202-457-6020

                                    Counsel for Defendant