UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KATEASE DEVAUGHN )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>INPHONIC, INC. )<br>)<br>Defendant. ) | Civil Action No. 1:05CV01451 (RU) |

### DEFENDANT INPHONIC, INC.'S MOTION TO TRANSFER

Defendant InPhonic, Inc., by counsel, hereby moves this Court pursuant to 28 U.S.C. § 1404(a) to transfer this case to the United States District Court for the District of Maryland, Greenbelt Division.

The grounds for this motion are set forth in the accompanying memorandum of points and authorities, which is incorporated herein by reference.

_____
Douglas B. Mishkin, DC Bar #338590
Patton Boggs LLP
2550 M Street, NW
Washington, DC  20037
(202) 457-6000 (phone)
(202) 457-6482 (fax)

Counsel for Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| KATEASE DEVAUGHN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 1:05CV01451 (RU) |
| v. | ) | |
| | ) | |
| INPHONIC, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF LAW AND POINTS OF AUTHORITIES IN SUPPORT OF DEFENDANT INPHONIC'S MOTION TO TRANSFER

The plaintiff who lives in Maryland, who was hired by Defendant InPhonic, Inc. ("InPhonic") in Maryland, who worked for InPhonic exclusively in Maryland and whose employment was terminated in Maryland has brought suit in the District of Columbia. As set forth below, the interests of fairness and convenience favor transferring this case to Maryland pursuant to 28 U.S.C. § 1404(a).

## FACTS

InPhonic is an online provider of wireless services and devices. Declaration of Kathleen Haithcock ¶ 4 ("Haithcock Decl. ¶__"). On November 12, 2001, InPhonic hired Plaintiff Katease DeVaughn ("DeVaughn"), a citizen of Maryland, to work as a Credit Activations Specialist in its offices in Largo, Maryland ("Largo Office"). Haithcock Decl. ¶ 5; Amended Complaint ¶ 1. DeVaughn worked exclusively in InPhonic's Largo Office for almost four and a half years. Haithcock Decl. ¶ 6. DeVaughn never worked for InPhonic at any other location. Haithcock Decl. ¶ 7. DeVaughn's passport access card – her company security card – gave her access only to the Largo Office and not to any InPhonic site in the

District of Columbia. Haithcock Decl. ¶ 8. On February 21, 2005, InPhonic terminated DeVaughn for insubordination. Haithcock Decl. ¶ 9.

In her first complaint, DeVaughn filed suit in the Superior Court of the District of Columbia alleging violations of the D.C. Human Rights Act and the D.C. Family and Medical Leave Act. <u>Katease DeVaughn v. InPhonic Incorporated</u>, C.A. No. 05ca0003489 ("Superior Court Case"). When InPhonic tendered an affidavit asserting that DeVaughn's employment with InPhonic was entirely unrelated to the District (Ex. 1 hereto), DeVaughn filed an amended complaint, replacing her two claims under District law with claims under 42 U.S.C. § 1981 and the federal Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* InPhonic timely removed the amended complaint to this court pursuant to 28 U.S.C. §§ 1331 and 1441(a) (2004).

## ARGUMENT

Under 28 U.S.C. § 1404(a) (2004), a court has authority to transfer a case to another venue where the action could have been originally brought if transfer is in the interests of justice and for the convenience of the parties and witnesses. Pursuant to Section 1404(a), the court possesses broad discretion in determining whether a case should be transferred. <u>S.E.C. v. Ernst & Young</u>, 775 F. Supp. 411, 413 (D.D.C. 1991). A court's decision to exercise the transfer of a case, under Section 1404(a), must be made on a case-by-case basis considering both factors of convenience and fairness. <u>Schmidt v. American Inst. of Physics</u>, 322 F. Supp. 2d 28, 31 (D.D.C. 2003) (quoting <u>Stewart Org., Inc. v. Ricoh Corp.</u>, 487 U.S. 22, 27 (1988)). As set forth below, transfer is appropriate because this lawsuit could have been brought in Maryland and the interests of justice and convenience favor doing so.

I. <u>**VENUE IS PROPER IN MARYLAND**</u>

This case could have been brought in Maryland, because a substantial part of DeVaughn's claims – indeed, all of both claims -- arose there. 28 U.S.C. § 1391(b); <u>Holland v. A.T. Massey Coal</u>, 360 F. Supp. 2d 72, 76 (D.D.C. 2004). All of the events that relate to DeVaughn's claims occurred in Maryland. DeVaughn is a Maryland citizen. She was hired in Maryland. She worked for InPhonic exclusively in Maryland. Her personnel records are kept in Maryland. Most importantly, the acts about which DeVaughn complains purportedly took place at InPhonic's Maryland offices.

Based on these facts, a "substantial part" of Plaintiff's claims arose in Maryland, making venue appropriate in Maryland.

II. **FAIRNESS AND CONVENIENCE FAVOR TRANSFER TO MARYLAND.**

The interests of justice and convenience favor a transfer of venue to Maryland. <u>Sierra Club v. Flowers</u>, 276 F. Supp. 2d 62, 65 (D.D.C. 2003). Both the private and public interest factors favor transfer to Maryland. In cases where the plaintiff was not a citizen of the District of Columbia, a substantial part of the claim arose in Maryland and the District of Columbia had no substantial ties to the action, this court has granted transfer to Maryland. See <u>Liban v. Churchey Group II, L.L.C.</u>, 305 F. Supp. 2d 136, 136 (D.D.C. 2004); <u>Schmidt</u>, 322 F. Supp. 2d at 28; <u>Holland</u>, 360 F. Supp. 2d at 72.

    A.    <u>The Private Interest Factors.</u>

The private interest factors include: (1) the plaintiff's choice of forum; (2) the defendant's choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses; and (6) the ease of access to sources of proof. <u>Sierra Club</u>, 276 F. Supp. 2d at 65. As set forth below, these factors favor transfer.

3

<u>Where the Claim Arose</u> (Factor No. 3)

DeVaughn's two claims arose in Maryland. <u>Supra</u> at 3. With the beginning, middle and end of DeVaughn's employment having occurred in Maryland, she has not alleged (and cannot allege) that any part of her claims arose within the District of Columbia.

<u>Access to Proof</u> (Factor No. 6)

Most of the potential witnesses and all of the relevant documents are located in Maryland; none is located in the District of Columbia. Plaintiff DeVaughn resides in Maryland. Amended Complaint ¶ 1. DeVaughn's supervisor at the time of her termination (J.D. Darby) resides in Maryland. Haithcock Decl. ¶ 11. James Reed, who supervised DeVaughn before Mr. Darby, resides in Virginia. Haithcock Decl. ¶ 12. All documents regarding DeVaughn's employment with InPhonic are located in Maryland. Haithcock Decl. ¶ 10. Thus, Maryland is the forum with the greatest access to sources of proof.

<u>Plaintiff's Choice of Forum</u> (Factor No. 1)

Maryland citizen DeVaughn is entitled to "little deference" in her selection of the District of Columbia as a forum. Although ordinarily a plaintiff's choice of forum receives deference, <u>Sheldon v. Nation R.R. Passenger Corp.</u>, 355 F. Supp. 2d 174, 176 (D.D.C. 2005), a plaintiff who is not a citizen of the chosen forum is entitled to "substantially less deference." <u>Pyrocap Int'l Corp. v. Ford Motor Corp.</u>, 259 F. Supp. 2d 92, 95 (D.D.C. 2003) (quoting <u>Gemological Inst. of Am. Inc. v. Thai-Dai Phan</u>, 145 F. Supp. 2d 68, 71 (D.D.C. 2001)). This "substantially less deference" is further lessened where, as in this case, the chosen forum has no meaningful ties to the subject matter of the lawsuit. <u>Schmidt</u>, 322 F. Supp. 2d at 33. Where a non-resident plaintiff chooses a forum with no meaningful ties to the case, courts within this Circuit have given little deference to that plaintiff's selection of a home forum. <u>Id.</u>; <u>Pyrocap Int'l Corp.</u>, 259 F. Supp. 2d at 95; <u>Holland</u>, 360 F. Supp. 2d at 76;

4

Liban, 305 F. Supp. 2d at 142; Wilderness Soc'y v. Babbitt, 104 F. Supp. 2d 10, 13 (D.D.C. 2000); DeLoach v. Phillip Morris Co., Inc., 132 F. Supp. 2d 22, 24 (D.D.C. 2000). Here, DeVaughn's choice is entitled to little deference because she is not a citizen of the District of Columbia and the District of Columbia has no meaningful ties to this case.

Defendant's Choice of Forum, Convenience of the Parties and Witnesses (Factor Nos. 2, 4, and 5)

These factors are largely irrelevant where a proposed transfer is between the District of Columbia and Maryland, given their proximity to each other. Liban, 305 F. Supp. 2d at 142; Schmidt, 322 F. Supp. 2d at 34; Kafack v. Primerica Life Ins. Co., 934 F. Supp. 3, 7 (D.D.C. 1996). If this factor receives any weight, it favors Maryland, given the location of DeVaughn and the witnesses.

B.   The Public Interest Factors.

The public interest factors include: (1) the transferee's familiarity with governing laws; (2) the relative congestion of the calendars of the potential transferee and transferor courts; and (3) the local interest in deciding controversies at home. Sierra Club, 276 F. Supp. 2d at 65. As set forth below, these factors also favor transfer to Maryland.

Deciding Local Controversies At Home (Factor No. 3)

This is a Maryland-based controversy that should be resolved in a Maryland court. See 3-4, supra. Maryland has a strong interest in deciding this matter; the District of Columbia has virtually none.

Familiarity with the Governing Law (Factor No. 1)

Because all of the DeVaughn's claims arise under federal law, either district court is competent to adjudicate her claims. Liban, 305 F. Supp. 2d at 142 (citing In re Korean Air Lines Disaster of Sept. 1, 1983, 829 F.2d 1171, 1175 (D.C. Cir. 1987).

5

<u>Court Congestion</u> (Factor No. 2)

There is no significant difference in the congestion of the two courts' dockets. (Ex. 2 hereto (from the Library of the Administrative Office of the U.S. Courts, http://www.uscourts.gov/caseload2004/contents.html.))

## CONCLUSION

For the foregoing reasons, Defendant InPhonic, Inc. requests that this Court transfer the above-captioned case to the United States District Court for the District of Maryland, Greenbelt Division.

Dated: July 29, 2005

_____
Douglas B. Mishkin, DC Bar #338590
Patton Boggs LLP
2550 M Street, NW
Washington, DC 20037
(202) 457-6000 (phone)
(202) 457-6482 (fax)

Counsel for Defendant

## CERTIFICATE UNDER LCvR 7(m)

I hereby certify pursuant to LCvR 7(m) that I discussed the substance of this motion with Plaintiff's counsel Alan Lescht, Esq. by telephone on Monday, July 25, and that Mr. Lescht stated he would oppose this motion.

_____
Douglas B. Mishkin