**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

KATEASE DEVAUGHN,           :
                                 :
           Plaintiff,           :      Civil Action No.:    05-1451 (RMU)
                                 :
           v.               :      Document No.:    5
                                 :
INPHONIC, INC.,                :
                                 :
           Defendant.        :

## MEMORANDUM OPINION

### GRANTING THE DEFENDANT'S MOTION TO TRANSFER

## I. INTRODUCTION

The plaintiff, Katease Devaughn, brings suit against the defendant, Inphonic, Inc. ("Inphonic"), alleging that the defendant fired her in violation of 42 U.S.C. § 1981 and the federal Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* The defendant moves to transfer the action to the District of Maryland pursuant to 28 U.S.C. § 1404(a). Because the plaintiff could have originally brought this case in the district court in Maryland and because considerations of convenience and the interest of justice weigh in favor of transfer, the court grants the defendant's motion and transfers this action to the District of Maryland.

## II. BACKGROUND

### A. Factual History

The defendant is an online provider of wireless services with its principal place of business in the District of Columbia. Am. Compl. ¶ 2; Def.'s Mot. to Transfer ("Def.'s Mot.") at 1 & Ex. 1 ("Haithcock Aff."). The defendant also has an office in Largo, Maryland. Def.'s Mot.

at 1.  The plaintiff is a Largo, Maryland resident who was employed in the defendant's Largo

office as a Credit Activations Specialist from November 2001 to February 21, 2005.  Am.

Compl. ¶¶ 1, 3; Def.'s Mot. at 1.  In her amended complaint, the plaintiff claims that the

defendant discriminated against her on the basis of race and wrongfully terminated her for taking

approved medical leave between February 15, 2005 and February 21, 2005.  Am. Compl. ¶¶ 4, 6-

9.  The defendant denies the plaintiff's claims and argues that it lawfully terminated the plaintiff

for insubordination.  Ans. at 3; Haithcock Aff. ¶ 9.

        During her employment with the defendant, the plaintiff worked exclusively at the Largo

office and her personnel records remain in Maryland.  *Id.* ¶¶ 6, 10.  The plaintiff's supervisor at

the time of her termination, J.D. Darby, resides in Maryland.  *Id.* ¶ 11.  The plaintiff's supervisor

prior to Darby, James Reed, currently resides in Virginia.  Haithcock Aff. ¶ 12.

        In June, 2005, the plaintiff filed a discrimination charge with the Prince George's County

Human Relations Commission in which she listed the defendant's address as 9301 Peppercorn

Place, Largo, Maryland.  Def.'s Reply in Supp. of Mot. to Transfer ("Def.'s Reply") at Ex. 1 at 2.

The plaintiff does not allege that she filed any similar claim in the District of Columbia Office of

Human Rights.

### B.  Procedural History

        In May 2005, the plaintiff filed a complaint in the Superior Court for the District of

Columbia in which she asserted that the defendant violated the District of Columbia Human

Rights Act and the District of Columbia Family and Medical Leave Act.  Compl. ¶¶ 12, 15.  On

June 22, 2005, the plaintiff amended her complaint to substitute those causes of action with

claims that the defendant violated 42 U.S.C. § 1981 and the federal Family and Medical Leave

Act.  Am. Compl. ¶¶ 12, 15.  The defendant removed the action to this court and subsequently

moved to transfer the case to the District of Maryland pursuant to 28 U.S.C. § 1404(a).  Not. of

Rem.; Def.'s Mot. at 1.  The court now considers the motion to transfer.


### III.  ANALYSIS

#### A.  Legal Standard for Venue under 28 U.S.C. § 1391(b)
#### and Transfer to Pursuant to 28 U.S.C. § 1404(a)

When federal jurisdiction is not premised solely on diversity, 28 U.S.C. § 1391(b)

controls venue, establishing that venue is proper in:

> (1) a judicial district where any defendant resides, if all defendants reside
> in the same State, (2) a judicial district in which a substantial part of the events or
> omissions giving rise to the claim occurred, or a substantial part of property that is
> the subject of the action is situated, or (3) a judicial district in which any
> defendant may be found, if there is no district in which the action may otherwise
> be brought.

28 U.S.C. § 1391(b).

In an action where venue is proper, 28 U.S.C. § 1404(a) nonetheless authorizes a court to

transfer the action to any other district where it could have been brought "for the convenience of

parties and witnesses, in the interest of justice[.]"  28 U.S.C. § 1404(a).  Section 1404(a) vests

"discretion in the district court to adjudicate motions to transfer according to [an] individualized,

case-by-case consideration of convenience and fairness."  *Stewart Org., Inc. v. Ricoh Corp.*, 487

U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).  Under this

statute, the moving party bears the burden of establishing that transfer is proper.  *Trout Unlimited

v. Dep't of Agric.*, 944 F. Supp. 13, 16 (D.D.C. 1996).

Accordingly, the defendant must make two showings to justify transfer.  First, the

defendant must establish that the plaintiff originally could have brought the action in the proposed transferee district. *Van Dusen*, 376 U.S. at 622. Second, the defendant must demonstrate that considerations of convenience and the interest of justice weigh in favor of transfer to that district. *Trout Unlimited*, 944 F. Supp. at 16. As to the second showing, the statute calls on the court to weigh a number of case-specific private and public-interest factors. *Stewart Org.*, 487 U.S. at 29. The private-interest considerations include: (1) the plaintiff's choice of forum, unless the balance of convenience is strongly in favor of the defendant; (2) the defendant's choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the ease of access to sources of proof. *Trout Unlimited*, 944 F. Supp. at 16 (citing *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995), *Heller Fin., Inc. v. Riverdale Auto Parts, Inc.*, 713 F. Supp. 1125, 1129 (N.D. Ill. 1989), 15 FED. PRAC. & PROC. § 3848). The public-interest considerations include: (1) the transferee's familiarity with the governing laws; (2) the relative congestion of the calendars of the potential transferee and transferor courts; and (3) the local interest in deciding local controversies at home. *Id.*

## B. The Court Grants the Defendant's Motion to Transfer

The defendant argues that the plaintiff could have brought this suit in Maryland because a "substantial part" of the plaintiff's claims arose in Maryland. Def.'s Mot. at 3. In support of its argument, the defendant notes that the plaintiff is a Maryland citizen, that her personnel records are located in Maryland, and that she was hired and fired in Maryland. *Id.* Furthermore, the plaintiff worked exclusively in the defendant's Maryland office. *Id.* The plaintiff, on the other

hand, contends that her action should not be removed to Maryland because she chose to litigate the case in the District of Columbia and the defendant, a corporate resident of the District of Columbia, would not be inconvenienced by having to defend itself in the District of Columbia. Pl.'s Opp'n to Transfer ("Pl.'s Opp'n") at 1.

### 1. The Plaintiff Could Have Brought the Action in the District of Maryland

For the court to transfer an action to another venue, the defendant must show that the plaintiff originally could have brought the action in the proposed transferee district. *Van Dusen*, 376 U.S. at 622.  In cases involving federal questions, a plaintiff may properly bring an action in a judicial district where a defendant resides.  28 U.S.C. § 1391(b).  A corporate defendant is considered a resident in any judicial district in which it is subject to personal jurisdiction.  28 U.S.C. § 1391(c).  Personal jurisdiction exists in any court where a corporation purposely avails itself of the privilege of conducting business in the forum state.  *Burger King Cop. v. Rudzewicz,* 471 U.S. 462, 475 (1985).

The parties agree that the defendant conducts business in its Largo, Maryland office though its principal place of business is in the District of Columbia.  Am. Compl. ¶ 2; Def.'s Mot. at 1.  Since the defendant is a resident of both Maryland and the District of Columbia, the courts in both forums have personal jurisdiction over the plaintiff's claims against the defendant. 28 U.S.C. § 1391(c); *see also Schmidt v. Am. Inst. of Physics*, 322 F. Supp. 2d 28, 32 (D.D.C. 2004) (noting that where corporate defendants reside in multiple jurisdictions, more than one venue may be proper).  Because Maryland has personal jurisdiction over the defendant, the District of Maryland is a proper venue for the plaintiff's claims.  28 U.S.C. § 1391(b).

### 2.  The Private and Public Interests Weighs in Favor of Transfer

Having established that the plaintiff originally could have brought this case in Maryland, the court's next inquiry centers on whether the defendant has demonstrated that considerations of convenience and the interest of justice support transfer to the District of Maryland.  28 U.S.C. § 1404(a).  Based on an examination of private and public-interest factors, the court determines that the defendant has met its burden.

### a.  Private-Interest Factors

As discussed *supra*, the private-interest considerations include: (1) the plaintiff's choice of forum, unless the balance of convenience is strongly in favor of the defendant; (2) the defendant's choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the ease of access to sources of proof. *Trout Unlimited*, 944 F. Supp. at 16 (citing *Jumara*, 55 F.3d at 879, *Heller Fin., Inc.*, 713 F. Supp. at 1129, 15 FED. PRAC. & PROC. § 3848).  In support of its motion, the defendant argues that the private-interest factors justify transfer to Maryland.  Def.'s Mot. at 3.  The plaintiff, in turn, argues that the court should defer to her choice to file suit in the District of Columbia.  Pl.'s Opp'n at 1.  While courts normally defer to the plaintiff's choice of forum, *Schmidt*, 322 F. Supp. 2d at 33, courts afford "substantially less deference" to that choice where the plaintiff is not a resident of that forum or where the claims lack substantial connections to that forum.  *DeLoach v. Philip Morris Cos.,* 132 F. Supp. 2d 22, 24 (D.D.C. 2000).  Here, the plaintiff is a resident of Maryland and her employment by the defendant, from which the claims in this case arise, occurred in Maryland.  Am. Compl. ¶ 1; Def.'s Mot. at 1.  The plaintiff does not allege that the

action has any meaningful connection to the District of Columbia.  As such, the court affords

substantially less deference to the plaintiff's choice of forum in its determination.

In contrast to the tenuous connection this case has with the plaintiff's choice of forum,

Maryland has many material connections with the present action and therefore, is entitled to

some weight.  *Wilderness Soc. v. Babbitt*, 104 F. Supp. 2d 10, 15 (D.D.C. 2000).  The plaintiff

and the defendant are both Maryland residents, Am. Compl. ¶ 1; Def.'s Mot. at 1, the plaintiff's

personnel records are located in Maryland, *Id.* ¶ 10, and the plaintiff worked exclusively in

Maryland before she was fired, *Id.* ¶ 6.  The plaintiff's claims, furthermore, arose out of her

employment with the defendant at the Largo, Maryland office.  Haithcock Aff. ¶¶ 6-7; Am.

Compl. ¶¶ 4, 6-9.

As residents of Maryland, Am. Compl. ¶ 1; Def.'s Mot. at 1, neither the plaintiff nor the

defendant should be inconvenienced by transferring this case to Maryland.   Moreover, the

witnesses to this action are likely to be employees at the Largo office and should not be

inconvenienced by having to testify in Maryland.  Indeed, the plaintiff's most recent manager at

Inphonic resides in Maryland.  Haithcock Aff. ¶ 11.  In any event, the plaintiff has not asserted

that any witnesses will be unavailable for trial if the action is transferred to Maryland.[1]

In addition to the availability of witnesses, the plaintiff's personnel records are located in

Maryland.  *Id.* ¶ 10.  Accordingly, the accessibility to sources of proof weighs in favor of transfer

to Maryland.  *Schmidt*, 322 F. Supp. 2d at 35; *Kafack*, 934 F. Supp. at 8 (finding that transfer was

proper where a majority of the witnesses and records were located in Maryland).  Because both

---

[1]        In cases that involve transfer from the District of Columbia to Maryland, the close
proximity of the two districts "minimiz[es] any inconvenience to the parties and any witnesses."  *Liban v.
Churchey Group II, LLC,* 305 F. Supp. 2d 136, 142 (D.D.C. 2004).

parties are residents of Maryland, the plaintiff's claims arose out of her employment by the

defendant in Maryland, and sources of proof are accessible in Maryland, the private-interest

factors indicate that transfer is proper.

### b.  Public-Interest Factors

Having concluded that the private-interest factors favor transfer of this action, the court's

next inquiry centers on the public-interest factors.  The public-interest factors include:  (1) the

transferee's familiarity with the governing laws; (2) the relative congestion of the calendars of

the potential transferee and transferor courts; and (3) the local interest in deciding local

controversies at home.  *Trout Unlimited*, 944 F. Supp. at 16.  When applied to the facts in this

case, the public-interest factors also weigh in favor of transfer to Maryland.

As to the transferee's familiarity with the governing laws, the federal court for the District

of Maryland is presumed to be as competent as this court in deciding issues of federal law.

*Liban,* 305 F. Supp. 2d at 143 (stating that the federal court in the district of Maryland is

competent to decide federal issues) (citing *In re Korean Air Lines Disaster of Sept. 1, 1983,* 829

F.2d 1171, 1175 (D.C. Cir. 1987)).  Because the plaintiff brings claims under 42 U.S.C. § 1981

and the federal Family and Medical Leave Act, the presumption of competence supports transfer

to a district court in Maryland.

The second public-interest factor also supports the defendant's motion to transfer because

this court has no reason to believe that the docket of the District of Maryland court is any more

congested than the docket of this court.  *Schmidt*, 322 F. Supp. 2d at 35.  The plaintiff, moreover,

has not argued that transfer would delay resolution of her case.  Additionally, the case has not

progressed so far that delay would result if another court must familiarize itself with the disputed

facts or the procedural background.  *Id.* at 36.

Finally, the local interest factor also weighs in favor of transfer to Maryland.  The plaintiff's claims involve Maryland residents, Am. Compl. ¶ 1, Def.'s Mot. at 1, and alleges discriminatory practices that occurred at the defendant's office in Largo, Maryland.  Am. Compl. ¶¶ 4, 6-9.  *See Liban*, 305 F. Supp. 2d at 143 (finding that transfer was proper where a majority of the alleged discriminatory events occurred in Maryland and where those events were directed at a Maryland resident).  Indeed, the only interest the District of Columbia has in this matter is in regulating a local corporation.  The state of Maryland, on the other hand, has an interest in protecting its citizens from discriminatory behavior and in regulating employers within its borders.  *Id.*  The public-interest factors, like the private-interest factors, accordingly support transfer of this case to Maryland.

## IV.  CONCLUSION

For the foregoing reasons, the court grants defendant's motion to transfer.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued this 13th day of December 2005.

RICARDO M. URBINA
United States District Judge